IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-075 |
| | * | |
| CHRISTOPHER FITZGERALD JONES | * | |

O R D E R

On November 1, 2022, a jury found Defendant Christopher Fitzgerald Jones guilty of possession of a firearm by a prohibited person, a violation of 18 U.S.C. § 922(g)(1). On May 4, 2023, Defendant was sentenced to serve 120 months imprisonment followed by three years of supervised release. The Court also imposed a special assessment of $100 and a fine of $1500.

Defendant appealed his conviction and sentence. On August 6, 2024, the Eleventh Circuit issued an opinion affirming the conviction and sentence, although the Eleventh Circuit has not yet issued its mandate.

As of today, Defendant has filed five documents attacking the legality of his conviction and the imposition of the fine. In particular, he complains that he received ineffective assistance of counsel in that he was never told about the possible enhancements to his offense level under the United States

Sentencing Guidelines. He contends that the enhancements are not supported by fact or law. He seeks to have his conviction vacated, the indictment dismissed, and the imposed fine waived.

Defendant's present challenges must be brought through a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Cognizant of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Defendant's filings as a § 2255 motion, particularly when the one-year statute of limitations to do so has not yet commenced and he only gets an opportunity to file **one** habeas petition in the district court without prior authorization from the Eleventh Circuit.

Upon the foregoing, Defendant's various motions to vacate his conviction and to waive his fine (docs. 116, 117, 122) are **DENIED** without prejudice to his ability to file an appropriate § 2255 motion. To that end, the **Clerk** is **directed** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order. Defendant is forewarned that he must set forth **all** his § 2255 claims on the form. He is further reminded that the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on his ability to seek habeas relief. See 28 U.S.C. § 2255(f) and all other applicable standards governing § 2255 actions.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of November, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA