IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER FITZGERALD JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CR 122-075 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 167.) Nothing in the objections calls into question the analysis that Respondent's motion to dismiss the amended motion filed pursuant to 28 U.S.C. § 2255 is due to be granted, as Petitioner primarily re-hashes the arguments raised in his amended § 2255 motion that have already been addressed thoroughly by the Magistrate Judge. However, one issue warrants a brief comment.

The Bureau of Prisons ("BOP") record attached to the objections at page 8 listing 18 U.S.C. § 924(c), a penalty statute, in addition to the charge for which Petitioner was convicted, 18 U.S.C. § 922(g)(1), does not change the Magistrate Judge's analysis of Ground Twenty-One because court records show Petitioner was convicted and sentenced for the one count with which he was charged, § 922(g)(1). (Doc. no. 61; see also doc. no. 165, pp. 29-30.) Not only does Petitioner fail to include all pages of the Sentencing Monitoring

Computation Data record, but the portion of the provided BOP record correctly lists the 120-month sentence imposed by the Court. (Doc. no. 167, p. 8.) That Petitioner may have an issue with the execution of his lawfully imposed sentence because of BOP record keeping practices does not entitle him to relief in these § 2255 proceedings.

Accordingly, the Court **OVERRULES** all objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. The Court **TERMINATES** the original § 2255 motion and "motion for new discovery," (doc. nos. 124, 162), **DENIES** the motion for entry of default, "Extraordinary Motion to Dismiss Infringing Instrument Doc. 142," and motion for appointment of counsel, (doc. nos. 136, 158, 164), **GRANTS** Respondent's motion to dismiss, (doc. no. 142), and **DISMISSES** the amended § 2255 motion without an evidentiary hearing, (doc. no. 128).

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this case and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 5th day of November, 2025, at Augusta, Georgia.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA